UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARIANNE BOROWSKI,

                Plaintiff,

v.                                        16-CV-999-LJV(MJR)
                                        ORDER
VINCENT MORDINO,

                Defendant.

_____


On March 22, 2017, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings pursuant to 28 U.S.C. Section 636(b)(1)(A) and (B). Docket Item 15.

On March 20, 2017, the defendant moved for "Substitution of Party, Dismissal and/or for Summary Judgment." Docket Item 10. On June 12, 2017, the plaintiff responded to the defendant's motion, Docket Item 18, and on June 19, the defendant replied, Docket Item 20. Three days later, Judge Roemer held a hearing on the motion at which the plaintiff did not appear. Docket Item 22. Judge Roemer permitted additional briefing, i*d.*; the defendant then submitted a supplemental memoranda of law, Docket Item 23, but the plaintiff did not. *See* Docket Items 22-24.

On July 21, 2017, Judge Roemer issued a Report and Recommendation (R&R) finding that the defendant's motion should be granted in part and denied in part; that "the plaintiff's Fourth Amendment excessive force claim against Officer Mordino in his

individual capacity be allowed to go forward"; and that all other claims should be dismissed. Docket Item 24. The parties did not object to the R&R, and the time to do so now has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation in its entirety.

The defendant clearly was acting within the scope of his duties as an employee of the United States when the events at issue took place; indeed, the complaint alleges exactly that. Docket Item 1, Paragraph 8. Therefore, there is no reason to disturb the Attorney General's certification that the defendant was acting within the scope of his employment, and the plaintiff's common law claims are cognizable only against the United States. 28. U.S.C. § 2679(d)(1). But because the plaintiff did not make the required administrative claims before commencing her lawsuit, her common law claims must be dismissed. 28 U.S.C. § 2675(a).

In addition, the United States Supreme Court has recently made it clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); R&R at 6-8 and cases cited. For that reason, the "First Claim" in the complaint, expanding *Bivens* to encompass a First Amendment claim, Docket Item 1, ¶¶ 41-43, must be dismissed. Likewise, the plaintiff has not alleged facts sufficient to support a valid Eighth Amendment claim for cruel and unusual punishment during her three hours of detention at the border, and so the Eighth Amendment claim—even if considered as a Fifth Amendment claim, *see* R&R at 12-13—fails as well. And the plaintiff's attempt to assert *Bivens* claims against the defendant in his official capacity is precluded by the doctrine of sovereign immunity, so this Court lacks subject matter jurisdiction over those claims. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994).

On the other hand, accepting the plaintiff's allegations as true, the complaint pleads a cognizable excessive-force claim against the defendant in his individual capacity. The plaintiff is entitled at least to pursue discovery on that claim. For that reason, this Court agrees with Judge Roemer, the defendant's motion to dismiss that claim is denied, and his motion for summary judgment is denied without prejudice to renewal at the conclusion of discovery.

For the reasons stated above and in the R&R, the defendant's motion for substitution of parties and to dismiss, Docket Item 10, is GRANTED in part and DENIED in part; all claims except the plaintiff's Fourth Amendment excessive-force claim against the defendant in his individual capacity are dismissed; the defendant's motion for summary judgment on the surviving claim is denied without prejudice; and the surviving

3

claim is referred back to Judge Roemer consistent with the referral order dated March 22, 2017.

SO ORDERED.

Dated: October 19, 2017
       Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE