UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARIANNE BOROWSKI,

        Plaintiff,

  v.                                         16-cv-00999-LJV-MJR
                                                    DECISION & ORDER
VINCENT MORDINO, *in his official and
individual capacities*,

        Defendant.

---

On December 13, 2016, the plaintiff, Carianne Borowski, commenced this action under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 398 (1971). Docket Item 1. On March 22, 2017, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 15. On October 25, 2019, the defendant, Vincent Mordino, moved for summary judgment, Docket Item 63; on December 27, 2019, Borowski responded, Docket Item 69; and on January 16, 2020, Mordino replied, Docket Item 70. On July 22, 2020, Judge Roemer issued a Report and Recommendation ("R&R") finding that Mordino's motion should be granted. Docket Item 74.

On August 4, 2020, Borowski objected to the R&R. Docket Item 75. On August 20, 2020, Mordino responded to the objections. Docket Item 77. Borowski did not reply, and her time to do so has now expired. *See* Docket Item 76.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

"It is improper," however, "for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992) (Arcara, *J.*). Stated differently, "parties are not to be afforded a 'second bite at the apple' when they file objections to [an R&R], as the 'goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary.'" *Id.* at 382 (second quoting *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D.Conn.1982), *aff'd,* 714 F.2d 234 (2d Cir. 1983)); *see also Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error. Similarly, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." (citations omitted)).

Borowski raises several objections to the R&R, challenging several of Judge Roemer's factual and legal findings. *See* Docket Item 75 at 2-9. But she does not include a single record citation in disputing Judge Roemer's factual findings. Nor does she cite a single case in contesting Judge Roemer's legal findings. For that reason alone, the Court would adopt the R&R. As the First Circuit has observed, "[i]t is not

2

enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (Selya, *J.*); *see also* W.D.N.Y. Local R. Civ. P. 72(b) (" Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and *shall be supported by legal authority*." (emphasis added)).

What is more, and although not required to do so in light of the above, this Court has, in fact, carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Roemer. Based on that *de novo* review, the Court would accept substantively, and adopts, Judge Roemer's recommendation to grant the defendant's motion.

## **CONCLUSION**

For the reasons stated above and in the R&R, the defendant's motion for summary judgment, Docket Item 63, is GRANTED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file.

SO ORDERED.

Dated:     October 15, 2020
           Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE